UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE COX, JR., a/k/a ABBUE-JAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19CV3157 DDN |
| | ) | |
| JOHN A. ROSS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Willie Cox, Jr., a/k/a Abbue-Jah, for leave to proceed in forma pauperis in this civil action. ECF No. 2. For the reasons explained below, the motion will be denied, and this case will be dismissed.

**Legal Standard on Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to closely screen cases where, as here, there is an application to proceed in forma pauperis. The Court may deny a litigant leave to proceed in forma pauperis and dismiss an action if it determines that the complaint is frivolous or malicious. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint is malicious if it was filed for the purpose of harassing the named defendant and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987).

When considering whether a complaint is malicious, the Court may refer to objective factors such as the circumstances surrounding the filing and the nature of the allegations. *Id.* Additionally, the Eighth Circuit has recognized that "malicious" applies to situations where the complaint is "plainly part of a longstanding pattern of abusive and repetitious lawsuits." *Horsey*

*v. Asher,* 741 F.2d 209, 213 (8th Cir. 1984); *Cooper v. Wood,* 111 F.3d 135 (8th Cir. 1997) (unpublished); *see also In re McDonald,* 489 U.S. 180 (1989) (leave to proceed in forma pauperis can be denied based in part on prior abusive litigation).

**Background**

The case at bar is one of many interrelated civil rights actions plaintiff has filed pro se and in forma pauperis in this Court since September 17, 2019.[1] As of the date of this Memorandum and Order, all of plaintiff's cases that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B) have been dismissed for one of the reasons set forth therein. In *Cox v. City of Clayton*, 4:19-cv-03091-RLW, the Honorable Ronnie L. White determined that plaintiff's repeated filing of frivolous and interrelated lawsuits amounted to abuse of the judicial process, and cautioned him that restrictions may be imposed if he continued the practice. On November 22, 2019, plaintiff began filing lawsuits seeking damages against the District Judges of this Court who dismissed his cases.[2]

---

[1] *See Cox v. Lang*, 4:19-cv-2585-NAB (E.D. Mo. Sept. 17, 2019); *Cox v. Atchison*, 4:19-cv-2586-JAR (E.D. Mo. Sept. 17, 2019); *Cox v. Hartman,* 4:19-cv-2587 (E.D. Mo. Sept. 17, 2019); *Cox v. Anello*, 4:19-cv-2588-AGF (E.D. Mo. Sept. 17, 2019); *Cox v. Walz,* 4:19-cv-2589-SRC (E.D. Mo. Sept. 17, 2019); *Cox v. Hulsey*, 4:19-cv-2592-SRC (E.D. Mo. Sept. 17, 2019); *Cox v. Morrow*, 4:19-cv-2593-JAR (E.D. Mo. Sept. 17, 2019); *Cox v. Grammer*, 4:19-cv-2662-PLC (E.D. Mo. Sept. 30, 2019); *Cox v. Crotzer*, 4:19-cv-2727-RLW (E.D. Mo. Oct. 7, 2019); *Cox v. Dewly*, 4:19-cv-2744-JAR (E.D. Mo. Oct. 9, 2019); *Cox v. Dodson*, 4:19-cv-2748-AGF (E.D. Mo. Oct. 9, 2019); *Cox v. Walker*, 4:19-cv-2764-RLW (E.D. Mo. Oct. 10, 2019); *Cox v. City of University City, Missouri*, 4:19-cv-2923-JCH (E.D. Mo. Oct. 28, 2019); *Cox v. Brentwood, Missouri, City of*, 4:19-cv-3067-PLC (E.D. Mo. Nov. 7, 2019); *Cox v. City of Clayton*, 4:19-cv-3091-RLW (E.D. Mo. Nov. 12, 2019); *Cox v. Ferguson, City of*, 4:19-cv-3115-SNLJ (E.D. Mo. Nov. 18, 2019); *Cox v. Shelton*, 4:19-cv-3182-PLC (E.D. Mo. Dec. 3, 2019); *Cox v. Dignam*, 4:19-cv-3183-JMB (E.D. Mo. Dec. 3, 2019); and *Cox v. Dewey*, 4:19-cv-3253-JCH (E.D. Mo. Dec. 11, 2019).

[2] *See Cox v. Fleissig*, 4:19-cv-3133-SRC (E.D. Mo. Nov. 22, 2019); *Cox v. Autrey,* 4:19-cv-3143-SNLJ (E.D. Mo. Nov. 25, 2019); *Cox v. Autrey,* 4:19-cv-3144-JCH (E.D. Mo. Nov. 25, 2019); *Cox v. Ross,* 4:19-cv-3152-SNLJ (E.D. Mo. Nov. 25, 2019); *Cox v. Ross,* 4:19-cv-3153-HEA (E.D. Mo. Nov. 25, 2019); *Cox v. Ross,* 4:19-cv-3156-JMB (E.D. Mo. Nov. 26, 2019); *Cox v. Ross,* 4:19-cv-3157-DDN (E.D. Mo. Nov. 26, 2019); *Cox v. Clark,* 4:19-cv-3175-AGF (E.D. Mo. Nov. 27, 2019); *Cox v. Hamilton,* 4:19-cv-3202-HEA (E.D. Mo. Dec. 5, 2019); *Cox v. Fleissig,* 4:19-cv-3234-SRC (E.D. Mo. Dec. 10, 2019); *Cox v. Limbaugh,* 4:19-cv-3235-AGF (E.D. Mo. Dec. 10, 2019); *Cox v. White,* 4:19-cv-3257-AGF (E.D. Mo. Dec. 11, 2019); and *Cox v. Hamilton,* 4:19-cv-3261-HEA (E.D. Mo. Dec. 11, 2019).

## The Complaint

Plaintiff brings this action against the Honorable John A. Ross, presumably to complain about the dismissal of one of his prior cases, *Cox v. Dewly*, 4:19-cv-2744-JAR. In the 'Statement of the Claim' section of the complaint, plaintiff simply states: "(See Highlighted Attached)." ECF No. 1 at 5. Plaintiff attached to the complaint what looks like the first page of the complaint he filed in the *Cox v. Dewly* case, with the defendant's name ("Joseph Dewly") highlighted. ECF No. 1-1 at 1. The second page of his complaint attachment appears to be a type-written page from the opinion Judge Ross issued dismissing the *Cox v. Dewly* case, with the words "Joseph Dewly" highlighted. *Id.* at 2; *see also Cox v. Dewly*, 4:19-cv-2444-JAR, ECF No. 3 at 3. The remaining pages of the attachment to plaintiff's complaint include eight pages titled "Constitutional Case Law" with a list of case citations and summaries, four pages titled "Driver – a Table of Authorities: Are you sure you're a 'driver'?", and two pages about the "role of the judge." ECF No. 1-1 at 3-16. In those final two pages, plaintiff makes general statements about the role of judges, alleges that Judge Ross "turned fact into fiction and in doing so fiction was decided in favor of," and states that Judge Ross "violated" certain cases. *Id.* at 15-16. Plaintiff seeks a total of $6.4 million in damages.

## Discussion

The Court finds that plaintiff's in forma pauperis application should be denied and this action should be dismissed because the complaint is frivolous and malicious. The complaint is frivolous because judges generally cannot be sued for monetary relief based on alleged judicial misconduct, and nothing in the instant complaint establishes that Judge Ross acted in the absence of jurisdiction or outside his judicial capacity. *See Imbler v. Pachtman*, 424 U.S. 409, 434-35 (1976) (citing *Pierson v. Ray*, 386 U.S. 547 (1967)). The complaint is malicious because it is clear

from the circumstances surrounding the filing and the nature of the allegations that plaintiff filed the complaint to harass and disparage Judge Ross for ruling against him, *see Spencer*, 656 F. Supp. at 461-63, and because the complaint is clearly part of a pattern of abusive and repetitious lawsuits. *See Horsey,* 741 F.2d at 213.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A separate order of dismissal will be entered herewith.

Dated this 17th day of December, 2019.

　　　　　　　　　　　　　　　　　　　　　*/s/ Henry Edward Autrey*
　　　　　　　　　　　　　　　　　　　　　HENRY EDWARD AUTREY
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE